**Ellen D. McCABE, Plaintiff,**

v.

**C.E. SHARRETT, Jr., Chief of Police of the City of Plantation; and the City of Plantation, a municipal corporation of the State of Florida, Defendants.**

No. 90–6773–CIV–HIGHSMITH.

United States District Court,
S.D. Florida.

May 4, 1992.

Arthur M. Wolff, Ft. Lauderdale, FL, for plaintiff-appellant.

Michael R. Piper, Johnson, Anselmo, Murdoch, Burke & George, Ft. Lauderdale, FL, for defendants-appellees.

*SUMMARY FINAL JUDGMENT*

HIGHSMITH, District Judge.

THIS CAUSE came before the Court on Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion for Final Summary Judgment. These matters were referred to United States Magistrate Judge Linnea R. Johnson by District Judge Federico A. Moreno. Pursuant to this referral order, Judge Johnson filed an Omnibus Report and Recommendation on April 4, 1991, recommending that Plaintiff's Motion for Partial Summary Judgment be granted and Defendants' Motion for Final Summary Judgment be denied. Defendants filed their Objections/Exceptions to Omnibus Report and Recommendation and Request for De Novo Review, to which Plaintiff responded and Defendants replied.

This Court has conducted a *de novo* review of the parties' motions and their responses to the Report and Recommendation. The Court's review also included a complete ex-

amination of the record before it,[1] and an in-depth analysis of the pertinent case law. For the reasons more fully stated below, the Court OVERRULES Magistrate Johnson's recommendation. Instead, the Court GRANTS Defendants' Motion for Final Summary Judgment and DENIES Plaintiff's Motion for Partial Summary Judgment. Nevertheless, in reaching its decision, the Court ADOPTS IN PART Magistrate Johnson's Report.

### ADOPTED PORTIONS OF MAGISTRATE'S REPORT

The Court adopts the following portions of the Magistrate's Report:

(1) The FACTS, as restated and amplified below.

(2) The STANDARD OF REVIEW. Like Magistrate Johnson, the Court finds no genuine issue of material fact. Therefore, the Court finds that disposition of this case by summary judgment is appropriate, pursuant to *Fed.R.Civ.P.* 56(c).

(3) The initial portion of the LEGAL ANALYSIS, commencing at Page 4, through Page 12. The Court concurs with the Magistrate's analytical procedure, including the applicability of the *Pickering* balancing test to this 42 U.S.C. § 1983 action. *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). The Court parts company with the Magistrate, however, at the point where she applied the *Pickering* balancing test and resolved the matter in favor of the Plaintiff. The Court believes that the appropriate outcome of the *Pickering* balancing test is in favor of Defendants.

### FACTS

#### 1. Background

This action arises out of the transfer and reassignment of Ellen D. McCabe from the position of Secretary to C.E. Sharrett, Chief of Police of the City of Plantation, to the position of Clerk Typist in the City's Parks and Recreation Department. Mrs. McCabe came to work for the City of Plantation in 1980, as a records clerk for the Police Department. In 1982, she became the secretary of Morris C. Meek, Plantation's Chief of Police at that time. This position was terminable-at-will. (Affidavit of C.E. Sharrett, Jr., D.E. #23, at ¶16; Deposition of Ellen D. McCabe, D.E. #51, at 29.)

In or about July 1990, following the retirement of Chief Meeks, Defendant Sharrett assumed the post of Chief of Police. Mrs. McCabe remained as Chief Sharrett's secretary until her reassignment to the Parks and Recreation Department on August 7, 1990. At all relevant times since July 1985, Ellen D. McCabe has been married to Plantation Police Sergeant Joel S. McCabe.

#### 2. Reason for Transfer

Mrs. McCabe's job transfer occurred solely on account of her status as Sergeant Joel McCabe's wife. In her Verified Complaint, Mrs. McCabe avers:

On the 27th day of August, 1990, Plaintiff protested this adverse employment action taken against her solely because she is married to a Plantation police officer, Joel S. McCabe. Both Plaintiff and her husband were informed by the Defendant Sharrett that Plaintiff's transfer was effected solely because she is married to Officer Joel S. McCabe and thus in consequence of her marital status.

(Verified Complaint, D.E. #1, at ¶9.)

Moreover, in her Affidavit filed in support of her motion for partial summary judgment, Mrs. McCabe states:

On August 7, 1990 my husband Joel McCabe and I were called by the Defendant Sharrett to his office. At that time the Defendant Sharrett announced to both of us that he was transferring me to the Parks and Recreation Department of the City of Plantation effective on Monday, August 13, 1990. The Defendant Sharrett went on to say that he had discussed this with the Mayor of the City of Plantation and that the mayor was in agreement. He

---

**1.** The Court, therefore, DENIES Plaintiff's Motion to Exclude Consideration of Depositions (D.E. #53), where Plaintiff asked the Court not to consider depositions that were filed by Defendants after the Magistrate Judge had issued her Report and Recommendation.

suggested that I clean out my office and go home immmediately [sic], placing me on administrative leave. I asked him if I had done anything wrong and his reply was, "No, you have been an excellent secretary. Your work is fine. In fact, you have helped me a lot." I asked him if I had violated the confidentiality of his office and he replied, "No, you have not. The only reason I transferred you is because I am concerned for the confidentiality of the office because you are married to Sergeant McCabe. I have a personal problem with that."

(Affidavit of Ellen D. McCabe, D.E. # 9, at ¶ 8.)

Chief Sharrett's Affidavit comports with Mrs. McCabe's:

I was personally and professionally concerned and uncomfortable having the wife of an officer under my command functioning as my confidential Executive Secretary. . . . To ensure that the confidentiality of the office of the Chief of Police would not be breached or questioned, I sought to have Ellen D. McCabe transferred from her position as my Executive Secretary.

(Affidavit of C.E. Sharrett, Jr., D.E. # 23, at ¶¶ 15–16.)

As shown by the affidavit excerpts quoted above, Chief Sharrett's motivation for the transfer—his asserted concern with the confidentiality of the office—is not subject to genuine dispute. Nevertheless, Mrs. McCabe attempted to create an issue of fact concerning the confidentiality requirements of her position as secretary to the Chief of Police. To this end, she placed in the record an official job description for the general position of secretary from the City of Plantation, which, on its face, is devoid of any such requirement. (Supplemental Affidavit of Plaintiff Ellen D. McCabe and Exhibit, D.E. # 15.) This "scintilla" of evidence, however, is insufficient to establish a genuine issue of material fact in light of the following evidence contained in the record:

(1) Chief Sharrett's own description of the position as that of "confidential Executive Secretary." (Affidavit of C.E. Sharrett, Jr., D.E. # 23, at ¶ 15.)

(2) Chief Meeks' letter of recommendation, dated August 20, 1990, and appended as Exhibit E to the Verified Complaint, where Chief Meeks describes Mrs. McCabe's job performance and states, "Since her duties included providing clerical support for the internal Affairs Unit, confidentiality was extremely important." (Verified Complaint, D.E. # 1, Exhibit E.)

(3) Chief Meeks' personnel record entry recommending Mrs. McCabe (then Mrs. Belmont) for the position of secretary, upon his former secretary's retirement, where he includes among her qualifications that, "She is a loyal employee who knows the importance of confidentiality in her assignment." (Memorandum from Chief Morris C. Meeks, dated 25 January 1983, appended to Plaintiff's Notice of Filing of Public Records, D.E. # 48.)

(4) The following excerpt from Mrs. McCabe's deposition:

Q. When [Chief Sharrett] expressed to you that certain information was on a need-to-know basis only and you told him that you understood completely, exactly what did you understand him meaning by that?

A. Generally I kept my mouth shut about everything. That's what a good secretary is supposed to do.

(Deposition of Ellen D. McCabe, D.E. # 51, at 45.)

### 3. Characterization of Transfer as Adverse Employment Action

A final material fact that is not in controversy is that Mrs. McCabe's transfer constituted an adverse employment action. Mrs. McCabe's job title changed from Secretary to the Chief of Police to that of Clerk Typist in the Parks and Recreation Department. As stated in Mrs. McCabe's uncontroverted affidavit, the position of Clerk Typist is two pay scales below that of secretary. (Affidavit of Ellen D. McCabe, D.E. # 9, at 5–6.) Although Mrs. McCabe's salary was left intact, her reclassification to Clerk Typist prevents her receiving any salary increase until such time as the top pay scale for Clerk Typist rises above her present salary. *Id.* Moreover, although Mrs. McCabe was already at

the top of the secretarial pay scale, she could have received cost of living increases at her old job. *Id.* Her work surroundings also changed dramatically upon her reassignment, from the Chief of Police's Office to a "desk, without typewriter or phone." *Id.* This stark situation, however, subsequently improved. (Deposition of Ellen D. McCabe, D.E. #51, at 82.)

Chief Sharrett and the City of Plantation attempt to characterize the transfer as one "to a comparable position within the City of Plantation." (Affidavit of C.E. Sharrett, Jr., D.E. #23, at ¶16.) In light of Mrs. McCabe's uncontroverted testimony, however, the Court disregards this patently conclusory statement.

## LEGAL ANALYSIS AND APPLICATION OF THE PICKERING BALANCING TEST

Based on the foregoing facts, the Court agrees with the following legal conclusions contained in the Magistrate's Report: that marriage is a protected first amendment right of association (D.E. #41, at 6); that the sole reason for Mrs. McCabe's transfer was her status as Officer McCabe's wife, and Chief Sharrett's concomitant concern for confidentiality (D.E. #41, at 7); that Mrs. McCabe's transfer to a less responsible, more menial job constituted a constitutional deprivation (D.E. #41, at 7–8); and that the *Pickering* balancing test is the appropriate legal standard by which the Court should determine whether such deprivation was impermissible under 42 U.S.C. § 1983 (D.E. #41, at 9–10). The Court disagrees with the Magistrate's recommendation, however, that the application of the *Pickering* test should result in judgment for Mrs. McCabe.

As stated in the Magistrate's Report:

[T]he Supreme Court has recognized that the State has legitimate interests in regulating the rights of its employees that differ from its interest in regulating the rights of the citizenry in general. *Pickering,* 391 U.S. at 568 [88 S.Ct. at 1734–35.] Thus, in determining the scope of a public employee's first amendment rights, the court is directed to balance the interests of the [employee] with the interests of the State, as an [employer], in preventing disruption of the efficient functioning of the office. *Id.* This balancing is to be conducted by the court as a matter of law. *Connick v. Myers,* 461 U.S. 138, 148 n. 7, 150 n. 10 [103 S.Ct. 1684, 1690 n. 7, 1692 n. 10, 75 L.Ed.2d 708] (1983); *Ferrara v. Mills,* 781 F.2d 1508 (11th Cir.1986).

(D.E. #41, at 10).

As grounds for Mrs. McCabe's transfer, Chief Sharrett and the City of Plantation point to Chief Sharrett's concern about the potential for disruption in the Chief of Police's office. This concern arose from the confidential nature of Mrs. McCabe's job and the possibility of a confidentiality breach due to her status as a subordinate's wife. The Court recognizes that, as noted by Magistrate Johnson, the record contains no evidence that Mrs. McCabe actually compromised the efficiency or effective functioning of the Police Chief's office during her tenure as Chief Sharrett's secretary. Indeed, upon direct inquiry from Mrs. McCabe, Chief Sharrett asserted that she had not broken any confidences and that she had been an excellent secretary.

In *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), however, the Supreme Court stated, "We do not see the necessity for an employer to allow events to unfold to the extent that the disruption of the office and the disruption of working relationships is manifest before taking action." 461 U.S. at 152, 103 S.Ct. at 1692. In the particular context of this case, moreover, where a police department is involved, the preventive action sanctioned by *Connick* carries greater justification than in the civilian context. *Eiland v. City of Montgomery,* 797 F.2d 953, 958, *reh'g denied,* 803 F.2d 1185 (11th Cir.1986), *cert. denied,* 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987) ("As we noted in *Waters,* although police officers need not suffer a 'watered-down version' of their constitutional rights, 'the state's interest in regulating its police force can be especially compelling.'") (citing *Waters v. Chaffin,* 684 F.2d 833, 836 (11th Cir.1982)). *See also Leonard v. City of Columbus,* 705 F.2d 1299, 1305, *reh'g denied,* 716 F.2d 914 (11th Cir.1983), *cert. denied,* 468 U.S. 1204, 104

S.Ct. 3571, 82 L.Ed.2d 870 (1984) ("Balanced against the interest of [the police officers] is the interest of the City and Police Department in promoting 'the effectiveness of the force.' We must go beyond asserting the need for 'discipline' in 'paramilitary' and 'quasi-military' organization, and identify the true interest the Department had in suppressing the speech and conduct that resulted in [the police officers'] dismissal.") (citations omitted).

Unlike Magistrate Johnson,[2] the Court applies the *Pickering* balancing test in light of the particularized context of a police department. *Pickering*, 391 U.S. at 569, 88 S.Ct. at 1735 (recognizing the "enormous variety of fact situations" that arise in these cases). The Court recognizes a police chief's need for effective management of the police department, which requires, *inter alia*, tight control over sensitive information. The Court finds, therefore, that Chief Sharrett's concern for the potential breach of confidentiality, inherent in having a subordinate's wife as his secretary, outweighs Mrs. McCabe's interest in her employment position. Hence, Mrs. McCabe's transfer was constitutionally permissible and does not subject Chief Sharrett or the City of Plantation to liability under 42 U.S.C. § 1983.

## CONCLUSION

Based on the foregoing analysis, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion for Final Summary Judgment is GRANTED; Plaintiff's Motion for Partial Summary Judgment is DENIED; and Defendants' Request for Hearing or Oral Argument is DENIED as moot. Accordingly, it is further

ORDERED AND ADJUDGED that SUMMARY FINAL JUDGMENT be, and the same is hereby ENTERED in favor of Defendants C.E. Sharrett and the City of Plantation, and against Plaintiff Ellen D. McCabe, who shall take nothing by this action. It is further

ORDERED AND ADJUDGED that the Court reserves jurisdiction for the purpose of ruling on Defendants' prayer for attorney's fees in this action, and to assess and award any attorney's fees to which Defendants may be entitled. The parties shall file motions addressing this issue within twenty days of the date of this order. Upon receipt of the parties' motions, the Court shall set a hearing on this matter.

DONE AND ORDERED.

---

2. At this point in her analysis, Magistrate Johnson relied on *Williams v. Roberts*, 904 F.2d 634 (11th Cir.1990). In *Williams*, the Eleventh Circuit, applying *Pickering*, found that a terminated employee's interest outweighed her supervisor's "subjective apprehension that [the employee's] speech might have an adverse impact upon service extended by his office and its employees to the public." *Id.* at 638. The county agency involved in *Williams*, however, was not a police department; it was the Tax Commissioner's Office. *Id.* at 636.